UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Daniel Healing**, | ) | **C/A**: 8-07-01751-HFF-WMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT** |
| | ) | **AND** |
| **Steven G. DeMarco**, | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff files this civil action *pro se*. This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard,

however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

Plaintiff brings this action alleging that on or about January 1, 2005, the defendant Steven G. DeMarco, who is an employee of the Social Security Administration, "criminally" charged plaintiff with having committed felon acts, then prosecuted plaintiff, tried plaintiff, found plaintiff to be a felon, and imposed a sentence on plaintiff which deprived plaintiff of income from prior employments. (Compl. at 1.) Plaintiff claims that defendant did this with "malicious fraud negligent intent." (Compl. at 1.) While the allegations in the complaint are less than comprehensive, this Court liberally construes plaintiff's allegations as a negligence claim against the defendant in which plaintiff seeks damages as well as mandamus relief. (*See* Compl. at 3.)

Plaintiff has failed to establish jurisdiction of his claim in this Court.  In bringing suit against the individual defendant, Steven G. DeMarco, a federal employee, plaintiff is in fact suing the United States government. *See* 28 U.S.C. § 2679.  The Federal Employees Liability Reform and Tort Compensation Act, codified at 28 U.S.C. § 2679, grants immunity to federal government employees acting within the scope of their employment by requiring persons injured by them to substitute the United States government as the defendant.[1] The federal government and its agencies are protected from suit by sovereign immunity. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Perkins v. United States,* 55 F.3d 910, 913 (4th Cir. 1995) ("As sovereign, the United States enjoys immunity from suits for damages at common law.")  Because of sovereign immunity, the United States government cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).

The Federal Tort Claims Act (FTCA), codified at 28 U.S.C. §§ 2671-2680, waives the sovereign immunity of the United States by expressly consenting to suit against the United States under specific conditions.  The FTCA "gives jurisdiction to the federal district courts to hear civil actions against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of government employees while acting within the scope of their employment, subject to several exceptions." *Perkins v. United States*, 55 F.3d at 913.  Plaintiff can only proceed with this action in accordance with the FTCA.  Although the FTCA waives the sovereign immunity of the United States

---

[1] The remedy against the federal government is exclusive. *See* 28 U.S.C. § 2679(b).

in certain situations, litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

Under 28 U.S.C. § 2675(a), the FTCA provides that "unless the claimant shall have first presented the claim to the appropriate Federal agency," the claimant cannot bring an action against the United States for money damages.[2]  In order to present an administrative claim, the claimant must present the agency with a completed Form SF 95 (or other written notification of the incident), as well as "a claim for damages in a sum certain[.]" *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing 28 C.F.R. § 14.2(a)).  "Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit." *Id.* (citations omitted).

This complaint does not show that plaintiff has complied with the requirements of the FTCA.  The complaint contains no indication that the plaintiff has timely submitted a claim to the Social Security Administration.  "The requirement of filing an administrative claim is jurisdictional and may not be waived." *Kokotis* v. *United States Postal Serv.*, 223 F.3d at 278 (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)).  *See Plyler v. United States*, 900 F.2d 41 (4th Cir. 1990).  The complaint should be dismissed for lack of jurisdiction.

Additionally, plaintiff requests "[t]he immediate issue of such necessary court orders compelling defendant DeMarco to cease and detest [sic] from interfering with [plaintiff's]

---

[2]Title 28 U.S.C. § 2401(b), sets a two year statute of limitations, stating "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]"

4

receipt of his monthly income for any reason." (Compl. at 3.) Plaintiff's request is liberally construed as seeking mandamus relief. However, mandamus relief is inappropriate in this case.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, *see In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal, *see In re Catawba Indian Tribe*, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *Mallard v. United States Dist. Court*, 490 U.S. 296, 308 (1989). The Fourth Circuit Court of Appeals has recently held that

> "[t]he party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances."

*In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001), *citing United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502(4th Cir. 1999). Plaintiff fails the test put forth by the Court.

Plaintiff requests mandamus relief in the form of a court order compelling defendant to stop interfering with receipt of plaintiff's monthly income. Plaintiff fails to make any

argument that he has no other adequate means to attain the relief he seeks. As previously stated, plaintiff fails to allege that he has pursued his administrative remedies. Because plaintiff fails to demonstrate one of the necessary conditions for the issuance of a writ of mandamus, the Court need not look any further. It is noted however, that the plaintiff also fails to demonstrate any of the remaining conditions set out in *In re Braxton*, 258 F.3d 250, 261 (4$^{th}$Cir. 2001). Plaintiff makes no arguments establishing that he is clearly and indisputably entitled to a court order compelling defendant to stop interfering with plaintiff's receipt of his monthly income. No extraordinary circumstances are presented by the plaintiff to warrant the drastic remedy of mandamus relief, and this complaint should be dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

                                                          s/William M. Catoe
                                                          United States Magistrate Judge

July 11, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).